## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **BRIGHT RESPONSE, LLC,** | |
| **Plaintiff,** | |
| **V.** | **Civil Action No. 2:12-cv-279** |
| **EMC CORPORATION,** | **(Lead Case)** |
| **Defendant.** | |
| **BRIGHT RESPONSE, LLC,** | |
| **Plaintiff,** | |
| **V.** | **Civil Action No. 2:12-cv-280** |
| **SAS INSTITUTE INC.,** | |
| **Defendant.** | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bright Response, LLC ("Bright Response"), for its First Amended Complaint against Defendants, EMC Corporation ("EMC") and SAS Institute Inc. ("SAS"), hereby alleges as follows:

### PARTIES

1.      Plaintiff Bright Response is a Texas limited liability company having a principle place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

2.      Defendant EMC is a Massachusetts corporation with its principle place of business at 176 South St., Hopkinton, MA 01748.

3.      Defendant SAS is a North Carolina corporation with its principal place of business at 100 SAS Campus Drive, Cary, North Carolina 27513-2414.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, EMC and SAS has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6.      On information and belief, EMC and SAS is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,278,996

7.      Bright Response is the sole owner by assignment of the entire right, title, and interest in United States Patent No. 6,278,996 (the "'996 patent") entitled "System and Method for Message Process and Response."  The '996 patent issued on August 21, 2001. A true and correct copy of the '996 patent is included as Exhibit A.

8.      Upon information and belief, EMC has been and now is directly infringing, both literally and/or under the doctrine or equivalents, the claims of the '996 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling one or more message understanding and response systems that recognize and answer messages based on the message writer's intent

in unconstrained natural language text messages covered by one or more claims of the '996

patent ("Accused EMC Products").  By making, using, importing, offering for sale, and/or

selling the Accused EMC Products, for example the EMC Content Intelligence Services &

Integration with EMC Documentum, that are covered by one or more claims of the '996 patent,

EMC has injured Bright Response and is thus liable to Bright Response for infringement of the

'996 patent pursuant to 35 U.S.C. § 271.

9.     EMC has indirectly infringed and continues to indirectly infringe the '996 patent.

10.     In EMC's court filings in *EMC Corp. v. Bright Response, LLC*, No. 3:12-cv-

02841 (N.D. Cal.), EMC stated that, on April 6 and 11, 2012, Bright Response, through its

"licensing advisor," "emailed EMC conveying Bright Response's vague interest in licensing U.S.

Patent No. 6,278,996 ("the '996 patent") to EMC. EMC had no previous knowledge of the '996

patent or of Bright Response's licensing interests."

11.     EMC has been aware of the '996 patent at least since April 6, 2012.

12.     Since EMC has been on notice of the '996 patent, EMC has actively, knowingly,

and intentionally induced, and continues to actively, knowingly, and intentionally induce,

infringement of the '996 patent by others (e.g., EMC's customers and the users of Accused EMC

Products) by making, using, offering for sale, selling, and/or importing the Accused EMC

Products, knowing of the '996 patent and its claims, knowing that others will use the Accused

EMC Products in an infringing manner, and knowing and intending to encourage and facilitate

those infringing uses of the Accused EMC Products through the creation and dissemination of

promotional and marketing materials, instruction materials, product manuals, and technical

materials related to the Accused EMC Products.

13.     To date, upon information and belief, EMC has not made any material changes to

the relevant operation of the Accused EMC Products and has not provided its customers and the

users of the Accused EMC Products instructions on how to avoid infringement since they had

notice of the '996 patent.  EMC continues to disseminate the same promotional and marketing

materials, instruction materials, product manuals, and technical materials related to the Accused

EMC Products as before.

14.     Upon information and belief, EMC has willfully infringed, and continues to

willfully infringe, the '996 patent despite having received notice that it infringes one or more

claims of the '996 patent.  EMC's continued infringement is objectively reckless.

15.     To date, EMC has not produced or relied upon an opinion of counsel related to the

'996 Patent.

16.     As a result of EMC's unlawful infringement of the '996 patent, Bright Response

has suffered and will continue to suffer damage.  Bright Response is entitled to recover from

EMC the damages adequate to compensate for such infringement, which have yet to be

determined.

17.     EMC's acts of infringement have caused and will continue to cause irreparable

harm to Bright Response unless and until enjoined by this Court.

18.     Upon information and belief, SAS has been and now is directly infringing, both

literally and/or under the doctrine or equivalents, the claims of the '996 patent in the State of

Texas, in this judicial district, and elsewhere in the United States, by, among other things,

making, using, importing, offering for sale, and/or selling one or more message understanding

and response systems that recognize and answer messages based on the message writer's intent

in unconstrained natural language text messages covered by one or more claims of the '996

patent ("Accused SAS Products").  By making, using, importing, offering for sale, and/or selling

the Accused SAS Products, for example the SAS Text Miner and Enterprise Miner, that are

covered by one or more claims of the '996 patent, SAS has injured Bright Response and is thus liable to Bright Response for infringement of the '996 patent pursuant to 35 U.S.C. § 271.

19.     SAS has indirectly infringed and continues to indirectly infringe the '996 patent.

20.     On information and belief, SAS has been aware of the '996 patent since at least the filing of the Original Complaint on May 8, 2012.

21.     Since SAS has been on notice of the '996 patent, SAS has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '996 patent by others (e.g., SAS customers and the users of Accused SAS Products) by making, using, offering for sale, selling, and/or importing the Accused SAS Products, knowing of the '996 patent and its claims, knowing that others will use the Accused SAS Products in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses of the Accused SAS Products through the creation and dissemination of promotional and marketing materials, instruction materials, product manuals, and technical materials related to the Accused SAS Products.

22.     To date, upon information and belief, SAS has not made any material changes to the relevant operation of the Accused SAS Products and has not provided its customers and the users of the Accused SAS Products instructions on how to avoid infringement since they had notice of the '996 patent.  SAS continues to disseminate the same promotional and marketing materials, instruction materials, product manuals, and technical materials related to the Accused SAS Products as before.

23.     Upon information and belief, SAS has willfully infringed, and continues to willfully infringe, the '996 patent despite having received notice that it infringes one or more claims of the '996 patent.  SAS's continued infringement is objectively reckless.

24.     To date, SAS has not produced or relied upon an opinion of counsel related to the '996 Patent.

25.     As a result of SAS's unlawful infringement of the '996 patent, Bright Response has suffered and will continue to suffer damage. Bright Response is entitled to recover from SAS the damages adequate to compensate for such infringement, which have yet to be determined.

26.     SAS's acts of infringement have caused and will continue to cause irreparable harm to Bright Response unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Bright Response prays for a Judgment from this Honorable Court in favor of Bright Response and against EMC and SAS as follows:

1.     adjudging that the '996 patent is valid and enforceable;

2.     adjudging that EMC has infringed the '996 patent;

3.     adjudging that EMC's infringement has been willful;

4.     awarding Bright Response damages, costs, expenses, and pre-judgment and post-judgment interest for EMC's infringement of the '996 patent as provided under 35 U.S.C. § 284, including both enhanced/treble damages for willful infringement;

5.     adjudging that SAS has infringed the '996 patent;

6.     adjudging that SAS's infringement has been willful;

7.     awarding Bright Response damages, costs, expenses, and pre-judgment and post-judgment interest for SAS's infringement of the '996 patent as provided under 35 U.S.C. § 284, including both enhanced/treble damages for willful infringement;

8.     finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Bright Response its reasonable attorneys' fees; and

9.      awarding all such other relief to which Bright Response may be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Bright Response, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: October 5, 2012                    Respectfully submitted,

                                          **Bright Response, LLC**

                                          By: <u>/s/ *Andrew W. Spangler*</u>
                                              Andrew W. Spangler
                                              State Bar No. 24041960
                                              SPANGLER & FUSSELL P.C.
                                              208 N. Green St., Ste. 300
                                              Longview, Texas  75601
                                              Telephone: 903/753-9300
                                              Facsimile: 903/553-0403
                                              spangler@sfipfirm.com

                                              James A. Fussell, III
                                              State Bar No. 2003193 (AR)
                                              SPANGLER & FUSSELL P.C.
                                              211 N. Union Street, Ste. 100
                                              Alexandria, Virginia 22314
                                              Telephone: 903/753-9300
                                              Facsimile: 903/553-0403
                                              fussell@sfipfirm.com

                                              Peter H. Chang
                                              State Bar No. 24040669
                                              Bradford J. Black
                                              State Bar No. 252031 (CA)
                                              Andrew G. Hamill (*pro hac vice*)
                                              State Bar No. 251156 (CA)
                                              BLACK CHANG & HAMILL LLP
                                              4 Embarcadero Center, Suite 1400
                                              San Francisco, CA 94111
                                              Telephone: (415) 813-6210
                                              Facsimile: (415) 813-6222
                                              pchang@bchllp.com
                                              bblack@bchllp.com

**ATTORNEYS FOR PLAINTIFF
BRIGHT RESPONSE, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 5th day of October, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *Andrew W. Spangler*
Andrew W. Spangler