**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BRIGHT RESPONSE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EMC CORPORATION,<br><br>Defendant. | Civil Action No. 2:12-cv-00279-JRG<br>(Lead Case) |
| BRIGHT RESPONSE, LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SAS INSTITUTE INC.,<br><br>Defendant/Counterclaim Plaintiff. | Civil Action No. 2:12-cv-00280-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SAS INSTITUTE INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant SAS Institute Inc. ("SAS") answers the first amended complaint of Plaintiff Bright Response, LLC ("Bright Response"), filed October 5, 2012, as follows:

**PARTIES**

1. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. SAS states that it is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. SAS admits that it is a North Carolina corporation with its principal place of business at 100 SAS Campus Drive, Cary, NC 27513-2414.

## JURISDICTION AND VENUE

4. SAS admits that the first amended complaint alleges that this is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has engaged in violation of any such laws. SAS admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and/or § 1338(a).

5. SAS admits that venue in this judicial district is proper as to SAS. SAS further admits that it transacts business in this district. SAS denies that it has committed and/or induced acts of patent infringement in this district. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies them.

6. SAS admits that it transacts business in the state of Texas and that it is subject to personal jurisdiction in this judicial district. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies them.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,278,996

7. SAS admits that the first amended complaint purports to state a claim for patent infringement relating to United States Patent No. 6,278,996 ("the '996 patent"). SAS admits that a copy of the '996 patent was attached as Exhibit A to the first amended complaint. SAS further admits that the '996 patent states on its face that it issued on August 21, 2001, and that it is entitled "System and Method for Message Process and Response." SAS states that it is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

8. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. SAS denies each and every allegation in Paragraph 18.

19. SAS denies each and every allegation in Paragraph 19.

20. SAS admits that it has been aware of the '996 patent since it was served with the original complaint on May 30, 2012. SAS denies that it was aware of the '996 patent prior to being served.

21. SAS denies each and every allegation in Paragraph 21.

22. SAS states that, at the time of its Answer to Plaintiff's first amended complaint, it has not made any material changes to the operation of the Accused SAS Products in response to notice of the '996 patent and has not provided instructions to its customers relating to the lawsuit. Indeed, SAS does not infringe as set forth in paragraph 30, below. SAS admits that it continues to disseminate promotional and marketing materials, instruction materials, product manuals, and technical materials related to the Accused SAS Products.

23. SAS denies each and every allegation in Paragraph 23.

24. SAS states that, at the time of its Answer to Plaintiff's first amended complaint, it has not produced an opinion of counsel related to the '996 patent. SAS can neither admit nor deny all remaining allegations as they relate to attorney-client privileged and work product protected information.

25. SAS denies each and every allegation in Paragraph 25.

26. SAS denies each and every allegation in Paragraph 26.

## PRAYER FOR RELIEF

27. SAS denies that Bright Response is entitled to any of the relief requested in its prayer for relief, or any relief whatsoever, as to SAS. SAS denies any and all remaining allegations in the prayer for relief as to SAS. SAS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27

and therefore denies them.

**GENERAL DENIAL**

28. SAS hereby denies each and every allegation in Bright Response's first amended complaint not expressly admitted above.

**AFFIRMATIVE DEFENSES**

29. SAS asserts the following affirmative defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Bright Response as a matter of law. SAS reserves the right to amend its Answer to add Affirmative Defenses to those listed below, consistent with the facts discovered in the case.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement of the '996 Patent)**

30. SAS has not infringed and does not infringe (either directly or indirectly, contributorily, by active inducement or in any other manner) any valid claim of the '996 patent.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of the '996 Patent)**

31. All claims of the '996 patent alleged to be infringed are invalid for failure to meet one or more of the requirements of Title 35, United States Code, § 100 *et seq.*, including without limitation §§ 101, 102, 103 and/or 112 thereof.

**THIRD AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

32. Bright Response is estopped from construing any claim of the '996 patent alleged to be infringed to cover or include, either literally or by application of the doctrine of equivalents, any SAS product or method performed by SAS by reason of, *inter alia,* amendments and statements made in and to the United States Patent and Trademark Office.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

33. Bright Response has failed to state a claim upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

34. Bright Response is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and because Bright Response has an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**
**(Government Sales)**

35. To the extent that SAS's accused products have been made, used, sold, or offered for sale to the United States Government, any and all remedies shall be had by action against the United States pursuant to 28 U.S.C. § 1498.

**COUNTERCLAIMS**

Counterclaim Plaintiff SAS counterclaims against Counterclaim Defendant Bright Response as follows:

**THE PARTIES**

1. SAS is a North Carolina corporation having its principal place of business at 100 SAS Campus Drive, Cary, NC 27513-2414.

2. According to its first amended complaint, Bright Response is a Texas limited liability company having its principal place of business at 719 W. Front Street, Suite 242, Tyler, TX 75702.

**JURISDICTION AND VENUE**

3. SAS incorporates herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in the Answer above as if fully set forth herein.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over these counterclaims pursuant 28 U.S.C. §§ 1331, 1338 and 2201-02.

5. Venue is proper under 28 U.S.C. § 1391(c) and 1400(b).

6. By filing its first amended complaint, Bright Response has consented to the personal jurisdiction of, and venue in, this Court.

7. By virtue of Bright Response having filed its first amended complaint in this action, an actual, justiciable controversy exists between SAS and Bright Response concerning the non-infringement and invalidity of the '996 patent within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Patent Non-infringement)**

8. SAS repeats and re-alleges the allegations contained in counterclaim Paragraphs 1-7, above, as if fully set forth herein.

9. SAS has not infringed and does not infringe (either directly or indirectly, contributorily, by active inducement or any other manner) any valid claim of the '996 patent.

10. SAS seeks a declaration from this Court that it does not infringe any valid claim of the '996 patent.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Patent Invalidity)**

11. SAS repeats and re-alleges the allegations contained in counterclaim Paragraphs 1-7, above, as if fully set forth herein.

12. All claims of the '996 patent alleged to be infringed are invalid for failure to meet one or more of the requirements of Title 35, United States Code, § 100 *et seq.*, including without

limitation §§ 101, 102, 103 and/or 112 thereof.

13. SAS seeks a declaration from this Court that all claims of the ’996 patent alleged to be infringed are invalid.

**JURY DEMAND**

14. SAS respectfully requests a trial by jury on all issues so triable in this action separate and apart from Defendant EMC.

**PRAYER FOR RELIEF**

**WHEREFORE,** SAS respectfully requests that the Court enter judgment in its favor and against Bright Response as follows:

1. That the Court dismiss all claims in the first amended complaint with prejudice, find that Bright Response is not entitled to any of its requested relief, or any relief whatsoever, and deny all relief requested by Bright Response;

2. That the Court enter judgment that SAS has not been and is not now infringing any of the claims of the ‘996 patent alleged to be infringed, either directly or indirectly, contributorily, by active inducement or any other manner;

3. That the Court enter judgment that all of the claims of the ‘996 patent alleged to be infringed are invalid;

4. That the Court award SAS its costs in this action;

5. That the Court deem this action exceptional pursuant to 35 U.S.C. § 285;

6. That the Court award SAS its attorney fees in this action; and

7. That the Court award such other and further relief as the Court deems just and appropriate.

Dated: October 22, 2012

Respectfully submitted,

*/s/ Kristie A. Wright*

Jennifer Haltom Doan
Texas Bar No. 08809050
Kristie A. Wright
Texas Bar No. 00794884
HALTOM & DOAN
6500 Summerhill Road
Crown Executive Center Suite 100
Texarkana, TX 75503
Tel: (903) 255-1000
Fax: (903) 255-0800
Email: jdoan@haltomdoan.com
kwright@haltomdoan.com

*Of Counsel*
James R. Myers, Esq.
(*admitted pro hac vice*)
Douglas H. Hallward-Driemeier, Esq.
(*admitted pro hac vice*)
Nicole Jantzi, Esq.
(*admitted pro hac vice*)
ROPES & GRAY, LLP
One Metro Center
700 12th St., NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
James.Myers@ropesgray.com
Douglas.Hallward-Driemeier@ropesgray.com
Nicole.Jantzi@ropesgray.com

**ATTORNEYS FOR DEFENDANT SAS INSTITUTE INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on October 22nd, 2012.

*/s/Kristie A. Wright*
Kristie A. Wright