**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Bright Response, LLC<br><br>Plaintiff,<br><br>v.<br><br>EMC Corporation<br><br>Defendant. | Case No. 2:12-CV-00279-JRG<br><br>LEAD CASE |
| Bright Response, LLC<br><br>Plaintiff,<br><br>v.<br><br>SAS Institute, Inc.<br><br>Defendant. | Case No. 2:12-CV-00280-JRG |

**EMC CORPORATION'S ANSWER AND COUNTERCLAIMS**
**TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant EMC Corporation ("EMC"), by and through its undersigned counsel, answers Bright Response, LLC's ("Bright Response's") First Amended Complaint for Patent Infringement ("First Amended Complaint") and counterclaims against Bright Response as follows:

## PARTIES

1. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the First Amended Complaint and therefore denies them.

2. EMC admits that it is a Massachusetts corporation with a place of business at 176 South St., Hopkinton, MA 01748.

3. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the First Amended Complaint and therefore denies them.

## JURISDICTION AND VENUE

4. EMC admits that the First Amended Complaint alleges that this is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has violated any such laws. EMC admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and/or 1338(a).

5. EMC admits that pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue may be found in the Eastern District of Texas, but denies that this is the most convenient venue for this action.[1] EMC further admits that it transacts business in this Judicial District. EMC denies that it has committed and/or induced acts of patent infringement in this Judicial District. To the extent that any allegations in Paragraph 5 of the First Amended Complaint are not directed to EMC, EMC lacks sufficient information to form a belief as to the truth or falsity of such allegations and therefore denies them.

6. EMC admits that it transacts business in the state of Texas and that it is subject to personal jurisdiction in this Judicial District. EMC denies that it has committed and/or induced acts of patent infringement in this Judicial District or in the state of Texas. To the extent that Paragraph 6 of the First Amended Complaint contains any remaining allegations requiring a response, EMC

[1] On June 4, 2012, EMC filed and served a declaratory judgment action against Bright Response in the Northern District of California seeking a declaration that the '996 patent is invalid and that EMC has not and does not infringe the '996 patent (directly or indirectly). *EMC Corp. v. Bright Response, LLC*, Case No. 12-cv-02841-EMC (N.D. Cal.). On August 13, 2012, EMC filed in this action a Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a). *See* Dkt. No. 20, the "transfer motion." As evidenced by EMC's declaratory judgment action in California and as set forth in its pending transfer motion, EMC believes that the parties' dispute is more properly adjudicated in the Northern District of California. Accordingly, EMC's "admission" here is subject to its pending transfer motion and this Court's ruling on that motion. EMC also reserves all of its rights to further challenge venue after the Court's ruling on the transfer motion (if necessary), and EMC does not waive any argument or potential argument that venue is improper under 28 U.S.C. § 1404(a).

denies them. To the extent that any allegations in Paragraph 6 of the First Amended Complaint are not directed to EMC, EMC lacks sufficient information to form a belief as to the truth or falsity of such allegations and therefore denies them.

**COUNT I**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,278,996**

7. EMC admits that the First Amended Complaint purports to state a claim for patent infringement relating to United States Patent No. 6,278,996 ("the '996 patent"). EMC admits that a copy of the '996 patent was attached as Exhibit A to the First Amended Complaint. EMC further admits that the '996 patent states on its face that it issued on August 21, 2001, and that it is titled "System and Method for Message Process and Response." EMC states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the First Amended Complaint and therefore denies them.

8. EMC denies each and every allegation in Paragraph 8 of the First Amended Complaint.

9. EMC denies each and every allegation in Paragraph 9 of the First Amended Complaint.

10. EMC denies each and every allegation in Paragraph 10 of the First Amended Complaint. EMC further states that Paragraph 10 of the First Amended Complaint misconstrues the referenced court filings.

11. EMC denies each and every allegation in Paragraph 11 of the First Amended Complaint.

12. EMC denies each and every allegation in Paragraph 12 of the First Amended Complaint.

13. EMC denies each and every allegation in Paragraph 13 of the First Amended Complaint.

14. EMC denies each and every allegation in Paragraph 14 of the First Amended Complaint.

15. EMC denies each and every allegation in Paragraph 15 of the First Amended Complaint.

16. EMC denies each and every allegation in Paragraph 16 of the First Amended Complaint.

17. EMC denies each and every allegation in Paragraph 17 of the First Amended Complaint.

18. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the First Amended Complaint and therefore denies them.

19. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the First Amended Complaint and therefore denies them.

20. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the First Amended Complaint and therefore denies them.

21. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the First Amended Complaint and therefore denies them.

22. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the First Amended Complaint and therefore denies them.

23. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the First Amended Complaint and therefore denies them.

24. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the First Amended Complaint and therefore denies them.

25. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the First Amended Complaint and therefore denies them.

26. EMC lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the First Amended Complaint and therefore denies them.

## BRIGHT RESPONSE'S PRAYER FOR RELIEF

27. EMC denies that Bright Response is entitled to any of the relief requested in its Prayer for Relief, or any relief whatsoever. EMC denies any and all remaining allegations in the Prayer for Relief. To the extent that the Prayer for Relief is not directed to EMC, EMC lacks sufficient information to form a belief as to the truth or falsity of its allegations and therefore denies them.

## GENERAL DENIAL

28. EMC denies each and every allegation in Bright Response's First Amended Complaint not expressly admitted above.

## DEFENSES

29. EMC asserts the following defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Bright Response as a matter of law. EMC reserves the right to amend its Answer to add additional Defenses to those listed below, consistent with the facts discovered in the case:

**FIRST DEFENSE**
**Non-Infringement of the '996 Patent**

30. EMC has not and does not infringe—either directly or indirectly, contributorily, by active inducement or in any other manner—any valid claim of the '996 patent and is not liable for any infringement of the '996 patent.

**SECOND DEFENSE**
**Invalidity of the '996 Patent**

31. Each claim of the '996 patent alleged to be infringed is invalid for failure to meet one or more of the conditions for patentability specified in 35 U.S.C. §§ 100 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD DEFENSE**
**Failure to State A Claim**

32. Bright Response's Complaint fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**
**Prosecution History Estoppel**

33. Bright Response is estopped from construing any claim of the '996 patent alleged to be infringed to cover or include—either literally or by application of the doctrine of equivalents—any EMC product or method performed by EMC by reason of amendments and statements made in and to the United States Patent and Trademark Office.

**FIFTH DEFENSE**
**Laches**

34. Due to Bright Response's unreasonably long and prejudicial delay in filing suit, the doctrine of laches bars Bright Response from obtaining all or part of the relief it seeks.

**SIXTH DEFENSE**
**Limitation on Damages**

35. Bright Response's claim for damages is barred in whole or in part by 35 U.S.C. § 287.

## ADDITIONAL DEFENSES RESERVED

36. EMC reserves any and all additional defenses available to it under Title 35 of the United States Code or under the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising.

## EMC'S COUNTERCLAIMS AGAINST BRIGHT RESPONSE

For its counterclaims against Bright Response, LLC ("Bright Response"), EMC Corporation ("EMC") alleges as follows:

### THE PARTIES

1. EMC is a Massachusetts corporation having its principal place of business in Hopkinton, Massachusetts. In 2003, EMC acquired Documentum, Inc. ("Documentum"), a leading provider of enterprise content management products and services, headquartered in Pleasanton, California. Documentum was merged into EMC, and EMC continues to maintain a place of business at 6801 Koll Center Parkway, Pleasanton, California. EMC conducts the vast majority of business regarding EMC's Documentum products at this Pleasanton, California location, including sales, marketing, customer support, data center operations, and engineering.

2. According to its First Amended Complaint, Bright Response purports to be a Texas limited liability company having its principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

### JURISDICTION AND VENUE

3. EMC incorporates by reference the admissions, allegations, denials, and Defenses contained in EMC's Answer as if set forth herein.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over these counterclaims pursuant 28 U.S.C. §§ 1331, 1338 and 2201–02.

5. Venue may be found in this District under 28 U.S.C. §§ 1391(c) and 1400(b).[2] However, EMC contends that there is another, more appropriate venue for the adjudication of the claims and counterclaims in this action.

6. By filing its First Amended Complaint in this Judicial District, Bright Response has consented to the personal jurisdiction of and venue in this Court.

7. By virtue of Bright Response having filed its First Amended Complaint in this action, an actual, justiciable controversy exists between EMC and Bright Response concerning the non-infringement and invalidity of United States Patent No. 6,278,996 ("the '996 patent") within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Patent Non-Infringement**

8. EMC repeats and re-alleges the allegations contained in counterclaim Paragraphs 1–7 as if set forth herein.

9. EMC has not infringed and does not infringe—either directly or indirectly, contributorily, by active inducement or any other manner—any valid claim of the '996 patent.

10. EMC seeks a declaration from this Court that it does not infringe any valid claim of the '996 patent.

[2] EMC's "admission" here is subject to its pending transfer motion and this Court's ruling on that motion. EMC also reserves all of its rights to further challenge venue after the Court's ruling on the transfer motion (if necessary), and EMC does not waive any argument or potential argument that venue is improper under 28 U.S.C. § 1404(a).

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Patent Invalidity**

11. EMC repeats and re-alleges the allegations contained in counterclaim Paragraphs 1–7 as if set forth herein.

12. All claims of the '996 patent alleged to be infringed are invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 100 *et seq.*, including without limitation §§ 101, 102, 103 and/or 112 thereof.

13. EMC seeks a declaration from this Court that all claims of the '996 patent alleged to be infringed are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, EMC respectfully requests that the Court enter judgment in its favor and against Bright Response as follows:

a. That the Court dismiss all claims in the First Amended Complaint with prejudice, find that Bright Response is not entitled to any of its requested relief—or any relief whatsoever—and deny all relief requested by Bright Response;

b. That the Court enter judgment that EMC has not been and is not now infringing any of the claims of the '996 patent alleged to be infringed, either directly or indirectly;

c. That the Court enter judgment that all of the claims of the '996 patent alleged to be infringed are invalid;

d. That the Court award EMC its costs in this action;

e. That the Court deem this action exceptional pursuant to 35 U.S.C. § 285;

f. That the Court award EMC its attorneys' fees in this action; and

g. That the Court award such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, EMC Corporation respectfully requests a jury trial on all issues so triable, including without limitation, Bright Response's claims and EMC Corporation's defenses and counterclaims.

Dated: October 22, 2012

Respectfully submitted,

*/s/ Eric H. Findlay*

Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

Charles K. Verhoeven (*Pro Hac Vice*)
Antonio Sistos (*Pro Hac Vice*)
Emily C. O'Brien (*Pro Hac Vice*)
Andrew M. Holmes (*Pro Hac Vice*)
Kathy K. Peng (*Pro Hac Vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
antoniosistos@quinnemanuel.com
emilyobrien@quinnemanuel.com
drewholmes@quinnemanuel.com
kathypeng@quinnemanuel.com

Patrick Curran (*Pro Hac Vice*)
Alexander Rudis (*Pro Hac Vice*)
Anne S. Toker (*Pro Hac Vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor

New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
patrickcurran@quinnemanuel.com
alexanderrudis@quinnemanuel.com
annetoker@quinnemanuel.com

*Counsel for Defendant & Counterclaimant*
*EMC Corporation*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on October 22, 2012.

*/s/ Eric H. Findlay*
Eric H. Findlay